BOWLES, Adm'r, O. P. A., v. VIRGINIA HOTEL, Inc.

No. 1001.

District Court, W. D. Louisiana, Monroe Division.

July 8, 1944.

T. Kinnebrew, James G. Palmer, and William B. Phelps, all of Shreveport, La., for plaintiff.

Murray Hudson, of Hudson, Potts, Bernstein & Snellings, of Monroe, La., for defendant.

1014

PORTERIE, District Judge.

Chester Bowles, the Price Administrator of the Office of Price Administration, plaintiff herein, has brought this suit, seeking to enjoin the Virginia Hotel of Monroe, Louisiana, from charging rent for its hotel rooms above the maximum legal rent as established by Maximum Rent Regulation No. 54A of the Office of Price Administration. The petition alleges thirty-nine separate overcharges for rooms, the outcome of an investigation of twenty-seven rooms used during three ten-day periods out of a total of 143 rooms. The first ten days of December, 1942, August, 1943, and December, 1943, were the dates of the three periods. The rates allegedly charged by the defendant hotel were determined as to number of occupants solely from the registration cards. Each room overcharge, as alleged, is substantial, indicating circumstantially either a heavy gouging of its guests by the defendant or that the registration card with but one name on it really represented the use of a room for two or more persons, generally two.

From an examination of the reservation books, and from the affidavits of the head clerk, the assistant clerk, the housekeeper, and the manager of the hotel, evidence not only preponderates but it is proved beyond a reasonable doubt that there were no overcharges made. The rooms were occupied in those cases presented in the complaint by more than the one person registered on the card.

The truth is that the investigation made by the plaintiff tended to prove that out of 4,090 room reservations made, the defendant failed to get the names of the occupants only on thirty-nine occasions. The gist of the case is that the defendant failed to make proper and complete entry of names on the registration cards on less than one per cent of the number of reservations made.

The petition outlines its cause for relief solely on the record of the registration cards. It makes no mention of Section 7(e) (2) of Maximum Rent Regulation No. 54A, which provides: "On and after the effective date of the regulation, every landlord of an establishment containing more than twenty rooms rented or offered to rent shall keep, preserve, and make available for examination by the Administrator, records showing the rents received for each room, the particular term and number of occupants for which such rents were charged, and the name and permanent address of each occupant."

It is only on appeal that the plaintiff presses the above regulation. The plaintiff, at the trial, on the point of the admissibility of evidence, urged us to refuse to accept oral or written evidence to explain the registration cards. The above-cited section does not say that the registration card solely shall make full disclosure of all that which is required to be kept by the hotel keeper. Believing as a matter of justice that the defendant was entitled to arrive at the truth of the situation, we overruled the request.

It is proved indubitably that the defendant did not raise its prices since the year 1931. In essence, Regulation 54A of the Office of Price Administration has not been violated.

The defendant promises to enter (and we are satisfied that it will) on the various registration cards, the amount charged, the number of the room (the particular term, if possible), the number of occupants for which the rent is charged, and the name and permanent address of each occupant. We mention this to show the good intention of the defendant. We are pretermitting the point as to whether or not the present regulation exacts such a complete notation on the card itself.

As provided by state law, the rates of the Virginia Hotel were published on the doors of all the rooms of the hotel, and it stands to reason that no guest, civilian or military, will pay or did pay more than the legal price printed on the inner side of the door of the room occupied. The notation showed the price for one person, or for two persons, or more.

The court is satisfied that because of the establishment of Selman Field, at or near Monroe, that on certain week ends when there were graduations held at the field, that many times soldiers would ask for a room for two, three, four or five people, and, in the rush, it practically became necessary for the reservation to be made in the name of only one of the soldiers. The few omissions of registry on the cards of the names of all occupants occurred on dates of graduation exercises and on week ends.

The defendant company, through its manager, immediately after the establishment of the Monroe-Bastrop rental area, filed with the Office of Price Administration

a schedule of rents showing the rates for one or more persons, etc., and the same prices were listed that have been in effect since 1931. In the affidavit of the manager, it is related that an earlier check of the hotel conducted by the Office of Price Administration disclosed undercharges amounting to approximately $100.

From the evidence before us, it is established as a fact that there has been no overcharge, that the legal rate was invariably charged, that the rules and regulations of the Price Administrator have been obeyed from the beginning until now, that in the future the defendant, as much as is humanly possible, will place on the registration cards all of the information required by Section 7(e) (a) of Maximum Rent Regulation 54A; and accordingly that the plaintiff has failed to make out its case.

Furthermore, we conclude that, for the sake of argument granting that Section 7(e) (2) of Regulation 54A had been alleged in the complaint, from the evidence adduced, the court in the exercise of its proper and legal discretion would not and could not grant either the temporary or the permanent injunction. The Hecht Co. v. Bowles, Price Administrator, Office of Price Administration, 321 U.S. 321, 64 S.Ct. 587, 592, 88 L.Ed. ——.

In ruling thus, we are fully aware of the following language of our Supreme Court, and we desire to declare that, not only officially, because obliged by oath, but personally and quite deeply, we subscribe to its very timely and patriotic principles: "The Administrator does not carry the sole burden of the war against inflation. The courts also have been entrusted with a share of that responsibility. And their discretion under § 205(a) must be exercised in light of the large objectives of the Act. For the standards of the public interest not the requirements of private litigation measure the propriety and need for injunctive relief in these cases. That discretion should reflect an acute awareness of the Congressional admonition that 'of all the consequences of war, except human slaughter, inflation is the most destructive' * * * and that delay or indifference may be fatal." .Hecht Co. v. Bowles, supra, 64 S.Ct. at page 592.

We do not issue the injunction because we are convinced that the entire management of this hotel has diligently done everything substantially to comply with the regulations; that with patience it has overlooked the crowding of its rooms by our soldiers in excess of the number agreed to and charged for; that in certain instances it has given free accommodation to cadets and soldiers who were in such need; and that, consequently, the stigma that an injunction would imply in this case as being an indication of a lack of cooperation with the war effort would be totally undeserved by a management which has not changed its rates since the year 1931.

By stipulation, the evidence of both sides was submitted at one time to serve on the question of the issuance of a preliminary injunction as well as on the issuance of a permanent injunction.

A judgment of dismissal will be signed upon presentation.